■ In the Matter of ROBERT PRESTON, Respondent. MORTON TATE, Doing

Business as HANDICAPPED ENTERPRISES, Appellant, and LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 5, 1973, which held that an employer-employee relationship existed between appellant and claimant. The sole issue presented on this appeal is whether there is substantial evidence to support the board's determination that claimant, a door-to-door jewelry salesman, was an employee and not an independent contractor. The present record reveals that claimant answered appellant's newspaper ad, which read, "Boys over 16. No experience is necessary. Average $3 to $5 an hour." Claimant applied for the job, was given a one-day training period and reported to appellant's office the next morning, whereupon he was supplied with a specific amount of costume jewelry, driven by private bus to a designated area and instructed to go from house to house and sell the jewelry. The record also reveals that he was required to wear a shirt and tie and look "neat and presentable"; that he was given a "credentials card" with his name and picture thereon, certifying that he was an "independent representative" of appellant, authorized to sell the products of "Handicapped Workers"; that a supervisor accompanied him wherever he went; that he was told his hours were from 9:30 A.M. to 7:30 P.M., with one hour off for lunch; that he was returned to appellant's office by the same private bus at the end of the day; and that he paid nothing for such transportation. The record further reveals that claimant worked two days and was paid on a straight commission basis. Appellant testified that before he hired a salesman he ascertained whether he was presently employed because it was, in his opinion, a job for someone who is unemployed, who is "trying to make a job out of it". The board concluded that claimant's commissions were earned as wages as an employee of appellant. It credited claimant with one week of covered employment, in addition to 19 weeks of other covered employment in his base period, and held appellant liable for contributions. Each case must be determined on its own particular facts. In our view, this record contains substantial evidence to support the board's determination. The facts establish that appellant exercised sufficient control and direction over claimant to constitute an employer-employee relationship. We should not, therefore, disturb its decision. Decision affirmed, with costs to claimant against the appellant employer. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.